IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NANCY C. GLASS,                          *

    Plaintiff,                           *

        v.                               *       CIVIL NO.: WDQ-14-181

                                *

BAE SYSTEMS, INC. UNFUNDED
WELFARE BENEFIT PLAN, ET AL.,            *

    Defendants.                          *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

MEMORANDUM OPINION

Nancy C. Glass sued BAE Systems, Inc. Unfunded Welfare Benefit Plan, and others,[1] (the "Defendants") for violations of the Employee Retirement Income Security Act ("ERISA").[2]  ECF Nos. 1, 7. Pending are the BAE Defendants' and Hartford's motions to dismiss for failure to state a claim, ECF Nos. 13, 14, Glass's motion to remand, ECF No. 19, and Hartford's motion for leave to file a surreply, ECF No. 23.  No hearing is necessary. Local Rule 105.6 (D. Md. 2014).  For the following reasons, the Defendants' motions to dismiss will be granted without prejudice, Glass will be given leave to amend, Glass's motion to

---

[1] Glass also sued BAE Systems, Inc. Funded Welfare Benefit Plan, BAE Systems Inc. Funded Retiree Welfare Benefit Trust, The BAE Systems Value Plan, (together, the "BAE Defendants"), and Hartford Life & Accident Insurance Company ("Hartford").  ECF Nos. 1, 7.

[2] 29 U.S.C. §§ 1001, *et seq.* (2012).

remand will be denied, and Hartford's motion for leave to file a surreply will be granted.

I.   Background

   A.   Facts[3]

   Glass formerly was employed as a Systems Analyst by BAE Systems, Inc. and/or its affiliate ("Employer"), which had sponsored several employee benefit plans.   ECF No. 7 ¶¶ 1, 15. Hartford acted as the Claims Administrator and Insurer of the Employer's short-term and long-term disability benefit plans (respectively, "STD Plan" and "LTD Plan").   *Id.* ¶ 7.   The BAE Systems Administrative Committee acted as the Plan Administrator.   *Id.* ¶¶ 2, 3.[4]

---

[3] The facts are from the amended complaint.   ECF No. 7.   For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true.   *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).   In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic.   *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).   Matters of public record include state court records and filings.   *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006). Additional facts relevant to the motion to remand are from exhibits attached to Glass's motion and Hartford's opposition. ECF Nos. 19, 20.

[4] The Plan Administrator had "full discretion and authority to determine eligibility for benefits" under the STD and LTD Plans. ECF Nos. 20-2 at 13 (STD Plan); 20-3 at 19 (LTD Plan).   Claims must be brought within five days of an absence because of a disability or "as soon as possible after" the five days have passed.   ECF No. 20-2 at 11.   Written proof must be submitted "within 30 days after the start of the period for which the Plan

In December 2007, Glass became unable to carry out her employment duties because of illness.[5]  *Id.* ¶ 15.  At some time, Glass was diagnosed with Type 1 diabetes "with severe insulin allergies, uncontrolled labile blood sugars[,] and chronic idiopathic uticaria" (Glass's "severe diabetic condition").  *Id.* ¶ 17.[6]  Glass submitted a claim for STD Plan benefits and was found to have a "total disability"[7] as defined by the STD Plan. *Id.* ¶ 17.  Glass received STD Plan benefits from December 24, 2007 to the last week of February 2008, when she returned to work on a reduced schedule of 20 hours per week.  *Id.* ¶ 18. Thereafter, Glass received "residual"[8] STD Plan benefits until

---

owes payment"; if that is not possible, proof must be submitted as soon as possible but "not later than [one] year after it is due."  *Id.* at 12.

[5] Before Glass stopped working, she developed an "Illness" as defined by the STD Plan.  ECF No. 7 ¶ 17.  The STD Plan defines "Illness" as "a bodily disorder, disease, physical sickness, mental/nervous disorder, or pregnancy."  *Id.* ¶ 33.

[6] Glass had been originally--and incorrectly--diagnosed with Type 2 diabetes.  *Id.* ¶ 22.  Glass does not state when she received the correct diagnosis of Type 1 diabetes, just that it occurred "[a]fter the expiration of the administrative appeal period" associated with Hartford's August 22, 2008 decision about Glass's disability.  *See infra.*

[7] The STD Plan defines "Total Disability" as a disability that prevents the employee "from performing the essential duties of [her] occupation," resulting in her "earning less than 20% of [her] pre-disability weekly earnings."  *Id.* ¶ 31.

[8] The STD Plan defines "Residual Disability" as a disability that prevents the employee "from performing some, but not all, of the essential duties of [her] occupation," resulting in her earning

June 13, 2008. *Id.* ¶ 19. On August 22, 2008, Hartford informed Glass that, as of June 13, 2008, it no longer considered her residually disabled. *Id.* ¶ 20.[9]

After June 13, 2008, Glass continued to work for her Employer. *Id.* ¶ 22. Because of her severe diabetic condition, she had been unable to work a 40 hour week; thus, her Employer approved a part-time, 30 hour work week. *Id.* ¶ 23. "[U]pon approval of [her] reduced work schedule . . ., [Glass alleges that she] became Residually Disabled under the STD Plan." *Id.* ¶ 24. Because of the timing of her disability, Glass "also had a Recurring Disability[10] under the STD Plan." *Id.* Since December

---

"more than 20% but no more than 80% of [her] pre-disability weekly earnings." *Id.* ¶ 32.

[9] Glass had 180 days to appeal the Plan Administrator's decision to her Employer "for a full and fair review." ECF No. 20-2 at 12, 19. On April 26, 2010, Glass administratively appealed Hartford's decision to the Plan Administrator; on May 28, 2010, it denied her appeal as untimely. *See* ECF No. 7 ¶ 21; ECF Nos. 20-5 at 2; 20-6 at 2-3. Under the STD Plan, "[l]egal action cannot be taken against the Employer . . . later than the expiration of: (1) three years; or if longer, (2) the length of time stated in the applicable Statute of Limitations." ECF No. 20-2 at 13.

[10] An employee has a "Recurring Disability" when a "second disability is related to a prior disability for which [she] received a weekly benefit," and the employee returns to work "on a full-time basis for no more than the number of days of consecutive work shown for your business unit in the recurrent disability period column on the previous applicable charts." ECF No. 19-2 at 3 (STD Plan Summary). A "recurrent disability period" is defined as:

4

24, 2007, Glass has been Totally or Residually Disabled. *Id.* ¶¶
25, 34, 42.

In October 2010, Glass stopped working because of her
severe diabetic condition. *Id.* ¶ 39. The Defendants approved
Glass's claim for STD Plan benefits. *Id.* ¶ 40. However, the
Defendants calculated Glass's benefits "as if she had a new
disability in 2010, resulting in a lower monthly benefit payment
. . . than [she] is entitled to receive" because of her
"recurring disability dating back to shortly after June 13,
2008." *Id.* ¶ 40. When Glass's STD Plan benefits expired, the
Defendants approved her claim for LTD Plan benefits. *Id.* ¶ 41.
Like her STD Plan benefits, the Defendants calculated Glass's
benefits "as if she had a new disability in 2010, resulting in a
lower monthly benefit payment." *Id.* Because of the Defendants'
failure to "calculate and pay STD and LTD [Plan] benefits,"

---

> If you return to work as an active full-time or part-
> time employee for 14 consecutive day(s) or more, any
> recurrence of a disability will be treated as a new
> disability with respect to when benefits commence and
> the maximum duration of benefits, as shown in the
> schedule of benefits.
>
> If recurrent periods are [1] due to the same or a
> related cause, and [2] separated by less than 14
> consecutive day(s) of work as an active full-time or
> part-time employee, they will be considered to be the
> same period of disability.

*Id.* In other words, a disabled person who returns to work
for less than 14 days before having to stop working again
will be eligible for the same benefits she received before
she returned to work. *See id.*

Glass has been denied full payment of her disability benefits.
*Id.* ¶ 43.

    B.    Procedural History

    On January 23, 2014, Glass sued the Defendants for
violations of ERISA §§ 1132(a)(1)(B) and (a)(3).  ECF No. 1.[11]
On July 25, 2014, Glass amended her complaint.  ECF No. 7.[12]

    On October 9, 2014, Hartford moved to dismiss Glass's ERISA
§ 1132(a)(3) claims.  ECF No. 13.  On October 10, 2014, the BAE
Defendants also moved to dismiss Glass's ERISA § 1132(a)(3)
claims.  ECF No. 14.  On November 10, 2014, Glass opposed the
motions.  ECF Nos. 17, 18.  Also on November 10, 2014, Glass
moved to remand the matter to the Defendants for further review.
ECF No. 19.  On December 1, 2014, Hartford opposed the motion to
remand.  ECF No. 20.  That day, the BAE Defendants adopted
Hartford's opposition.  ECF No. 21.  On December 18, 2014, Glass
replied.  On December 23, 2014, Hartford moved for leave to file
a surreply.  ECF No. 23.

---

[11] Count one alleges "breach of fiduciary duty in denial of
benefits"; count two alleges "complaint to recover benefits
under ERISA Plan."  ECF No. 1 at 10, 12.

[12] The amended complaint alleges the same causes of action.  *See*
ECF No. 7 at 10, 12.

## II. Analysis

### A.   Motions to Dismiss

#### 1.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557).  The complaint must not only allege but also "show" that the plaintiff is entitled to relief.  *Id*. at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief."  *Id*. (internal quotation marks and alteration omitted).

> 2.   ERISA § 1132(a)(3) Claims

The Defendants argue that a claim for breach of fiduciary duty under § 1132(a)(3) is unavailing because Glass has an adequate remedy for the alleged denial of benefits under § 1132(a)(1)(B).  ECF Nos. 13-2 at 4-7; 14-1 at 4-6.

Under § 1132(a)(3), a plan "participant, beneficiary, or fiduciary" may file suit "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).  However, "relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions." *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 102 (4th Cir. 2006) (*citing Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S. Ct. 1065, 134 L. Ed. 2d 130

(1996)); *Leach v. Aetna Life Ins. Co.*, No. CIV.A. WMN-13-2757, 2014 WL 470064, at *4 (D. Md. Feb. 5, 2014)(*Varity* bars plaintiffs from asserting claims under §§ 1132(a)(1)(B) and (a)(3) to redress the same harm). Section 1132(a)(1)(B) permits plan participants and beneficiaries to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Here, counts one and two of Glass's amended complaint allege that the Defendants have improperly calculated her benefits; both counts rely on ERISA §§ 1132(a)(1)(B) and (a)(3). ECF No. 7 ¶¶ 50, 56. By way of relief, Glass seeks, *inter alia*, payment of past and future benefits. *Id.* at 12, 13-14. "When a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is [ERISA § 1132](a)(1)(B)." *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712, 715 (4th Cir. 1996)(*quoting Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992)); *Bharadwaja v. AIG Life Ins. Co.*, No. CIV. L-11-456, 2011 WL 2712591, at *2 (D. Md. July 11, 2011)(dismissing § 1132(a)(3) claim when adequate relief available under § 1132(a)(1)(B) for any breach). Glass agrees that a § 1132(a)(3) claim "would be duplicative and impermissible under

controlling case law";[13] however, instead of dismissal, she seeks leave to file a second amended complaint to consolidate "the various allegations of impropriety" into a single count under § 1132(a)(1)(B).   ECF Nos. 17-1 at 2; 18-1 at 2.

Glass may amend her amended complaint only with the Defendants' consent[14] or the Court's permission.   Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.,* No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010).   Leave should be freely given when justice requires;[15] it "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."   *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (*quoting Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986) (internal quotations omitted)).   Here, there has been no showing of prejudice, bad faith, or futility.

---

[13] Glass acknowledges that although the Defendants reasonably interpreted the amended complaint, she had not intended to raise two claims.   ECF Nos. 17-1 at 1-2; 18 at 1-2.   Rather, she had intended to raise a claim for the "wrongful denial of benefits based upon various acts and/or omissions" by the BAE Defendants."   ECF Nos. 17-1 at 2; 18 at 2.

[14] Neither the BAE Defendants nor Hartford has replied to Glass's opposition or otherwise opposed Glass's request for leave to amend.

[15] Fed. R. Civ. P. 15(a)(2).

Accordingly, the Defendants' motions to dismiss will be granted

without prejudice, and Glass will be given leave to amend.[16]

    B.   Motion for Leave to File a Surreply

        1.   Legal Standard

Unless otherwise ordered by the Court, a party generally

may not file a surreply.  Local Rule 105.2(a) (D. Md. 2014).

Leave to file a surreply may be granted when the movant

otherwise would be unable to contest matters presented for the

first time in the opposing party's reply.  *Khoury v. Meserve*,

268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd,* 85 F. App'x 960

(4th Cir. 2004).

        2.   Hartford's Motion

Hartford contends that a surreply is merited because Glass

argued, for the first time in her reply filed in connection with

her motion to remand, that remand was required for the

Defendants to consider a second disability claim for which she

became eligible at some time after June 2008.  ECF No. 23 at 1-

2.  Glass has not responded to Hartford's motion.  *See* Docket.

Glass sought remand so that the Defendants could

"reevaluate [her] Recurrent and/or Residual status *subsequent to

June 13, 2008*," receive additional evidence about her "revised

---

[16] In the event the Court remands the matter, Glass asks that
"further amendment of the complaint be held in abeyance" until
the Defendants have an opportunity to rule on the relief she
seeks.  ECF Nos. 17-1 at 2; 18-1 at 2.  As discussed *infra*
Section II.C, the Court will deny her motion to remand.

medical diagnosis" and "reach a new determination" about the amount of benefits due to her. *Id.* at 2, 8 (emphasis added). Glass argued that her benefit payments should be calculated using her pre-Disability (*i.e.*, full-time) income because of "the ongoing nature of her Recurrent and/or Residual Disability *dating back to shortly after June 13, 2008*." *Id.* at 6 (emphasis added). Glass further argued that her "claim for benefits should have [been] reopened" when her Employer approved her 30 hour work week, "but it was not." *See, e.g.*, ECF No. 19-1 at 8.

Hartford understood Glass to have argued that its August 2008 decision that she was not Residually Disabled as of June 13, 2008 should be reopened for further evaluation. *See* ECF No. 20 at 2, 7-8, 10-13. Hartford's understanding was reasonable because Glass's many references to June 13, 2008 implied that a wrong decision about her disability status had been made *at that time*. This is particularly true in light of Glass's contention that this Court is limited to the record underlying Hartford's August 2008 decision. *See* ECF No. 19-1 at 10 (BAE Defendants had been unable to consider her correct medical diagnosis because it had not been before the Plan Administrator when it upheld Hartford's decision). Thus, despite Glass's contrary

assertion,[17] Hartford reasonably believed that Glass ultimately sought remand for a reevaluation of its August 2008 decision; it had not assumed that Glass had challenged a nonexistent decision.

Glass's reply clarified that she did not seek to overturn Hartford's August 2008 decision; rather that, at some time, *another determination* about her eligibility for benefits should have been made and had not been. ECF No. 22 at 6. Although it is a close call, the crystallization of Glass's asserted grounds for remand merits a response; Hartford's motion for leave to file a surreply will be granted.

C.   Motion to Remand

Glass argues that remand is merited to provide her "with a full and fair evaluation of her disability claim." ECF No. 19-1 at 8. Glass contends that her Employer had been on notice that she had a Recurrent or Residual Disability when it approved her 30 hour work week; thus, her benefits claim should have been reopened. *Id.* Glass further contends that because this Court is limited to reviewing the record that had been before the Plan Administrator, the matter should be remanded so that it may consider her correct diagnosis because it is relevant to whether she had a Recurrent or Residual Disability. *Id.*

---

[17] *See* ECF No. 19-1 at 8 n.1 (noting that Glass did not seek to overturn "the decision to terminate her partial STD benefits as of June 13, 2008").

Hartford argues that the terms of the STD Plan preclude a finding that Glass had been Residually Disabled in 2010, its 2008 decision cannot be disturbed, remand would be improper because Glass never made a Residual Disability claim after June 13, 2008, and any such claim would be time-barred.  ECF Nos. 20 at 9-10; 22-1 at 1-3.

ERISA requires employers to provide written notice of a denial for benefits to a plan participants and beneficiaries, and to provide a reasonable opportunity "for a full and fair review" of the denial.  29 U.S.C. § 1133; 29 CFR § 2560.503-1(h)(1).  "ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to the federal courts."  *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005).

When--as here--the benefit plan confers upon its administrator discretion in the exercise of its authority, the denial of benefits is reviewed for an abuse of discretion. *Booth v. Wal-Mart Stores, Inc. Associates Health & Welfare Plan*, 201 F.3d 335, 341 (4th Cir. 2000); ECF Nos. 20-2 at 13; 20-3 at 19.  Under that standard, "an assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time."  *Elliott v. Sara Lee Corp.*, 190 F.3d 601,

14

608 (4th Cir. 1999).[18]  Remand "should be used sparingly . . .
[and] is most appropriate [when] the plan itself commits the
trustees to consider relevant information which they failed to
consider or where [the] decision involves records that were
readily available and records that trustees had agreed that they
would verify." *Id.* at 609 (internal quotation marks and
citation omitted).

The parties agree--as they must--that Hartford's August
2008 decision cannot be disturbed by this Court because Glass
failed to timely appeal that decision. *See Gayle*, 401 F.3d at
226; ECF Nos. 20 at 10; 22 at 2.  For the same reason, Glass
cannot now challenge the Defendants 2010 decision that she had a
new--not a Residual or Recurring--disability because she failed
to appeal that decision within 180 days. *See* ECF No. 20-2 at
12, 19.  Thus, the Court must decide whether to remand the
matter to the Defendants for a new determination that--at some
time after June 13, 2008--Glass should have been found
Residually Disabled.

Despite Glass's allegation that she became Residually
Disabled when her Employer approved her 30 hour work week, ECF
No. 7 ¶ 24, Glass never filed a claim for Residual Disability

---

[18] Under a *de novo* standard of review, a district court may
consider evidence that had not been before the administrator.
*Elliott*, 190 F.3d at 609 n.6.

benefits after June 13, 2008.[19]  Instead, Glass seeks to shift
the burden of initiating the claims process to her Employer.
*See* ECF No. 19-1 at 8.  However, it is the plan participant's
responsibility to pursue plan remedies--not the employer's.  *See*
*Gayle*, 401 F.3d at 226.  Perhaps realizing her error, Glass
appears to seek to remand to do what she should have done
before: initiate a claims process to show that--at some
undefined time--she had been Residually Disabled.  That is not
the purpose of remand.

As Glass herself recognizes, remand is proper when plan
administrators failed to consider relevant information or
relevant information had been unavailable.  *See Elliott*, 190
F.3d at 608-09; ECF No. 19-1 at 9-10.  However, in every case
involving remand relied on by Glass *a decision had been made*
*regarding benefits eligibility* that the reviewing federal court
found erroneous or insufficiently supported.  *See Elliott*, 190
F.3d at 609 (declining to remand to Appeal Committee for new
consideration of additional evidence); *Berry v. Ciba-Geigy*
*Corp.*, 761 F.2d 1003, 1005 (4th Cir. 1985)(company had
terminated benefits); *see also Javery v. Lucent Technologies,*
*Inc. Long Term Disability Plan for Mgmt. or LBA Employees*, 741
F.3d 686, 696 (6th Cir. 2014)(plan administrator denied

---

[19] Glass filed a claim for Total Disability benefits in 2010.
ECF No. 7 ¶ 40.

16

benefits); *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d
1161, 1175-76 (10th Cir. 2006)(employer denied benefits); *Dunbar
v. Orbital Sciences Corp. Grp. Disability Plan*, 265 F. Supp. 2d
572, 574 (D. Md. 2003)(plan administrator denied benefits);
*Laser v. Provident Life & Acc. Ins. Co.*, 211 F. Supp. 2d 645,
646 (D. Md. 2002)(same).  Glass has not cited--nor has the Court
found--any authority for the proposition that this Court may
remand a case for additional fact-finding in connection with an
entirely new claim.  In sum, there has been no decision made for
this Court to review; there is nothing to remand.[20]  Glass's
motion to remand will be denied.

III. Conclusion

For the reasons stated above, the Defendants' motions to
dismiss will be granted without prejudice, Glass will be given
leave to amend, her motion to remand will be denied, and
Hartford's motion for leave to file a surreply will be granted.

_____8/13/15_____

Date

_____

William D. Quarles, Jr.
United States District Judge

---

[20] Even had this Court been inclined to remand the matter, it is
clear that Glass could not prevail.  Claims must be brought
within five days "of an absence" or as soon as possible
thereafter. ECF No. 20-2 at 11.  Proof of a disability must be
submitted to the Plan Administrator within 30 days; if that is
not possible, proof must be submitted within one year.  *Id.*
More than one year has passed since the 2008-2010 period in
which Glass alleges she had been Residually Disabled; thus she
would be unable to substantiate her disability.